# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL P. DUGAS,

        Appellant,

    v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBER
PH-0752-18-0104-I-1

DATE: February 1, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Amanda Moreno</u>, Esquire, and <u>Gary Poretsky</u>, Esquire, Houston, Texas,
    for the appellant.

<u>Scott W. Flood</u>, Esquire, Portsmouth, New Hampshire, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant held the position of Welder at the Portsmouth Naval Shipyard.  Initial Appeal File (IAF), Tab 5 at 28-30.  In September 2016, officers from the Kittery Police Department responded to a domestic disturbance that occurred while the appellant was off-duty, involving him and his brother.  *E.g.*, IAF, Tab 6 at 110-12.  Generally speaking, witness statements indicate that this altercation included the appellant firing a gun several times, without hitting anything of consequence, and his brother striking the appellant's vehicle with an ax.  *Id.*  Police arrested both.  IAF, Tab 6 at 112, Tab 50 at 19.  In the days that followed, the agency barred the appellant from the shipyard and placed him in a non-duty pay status.  IAF, Tab 6 at 107.  Several months later, in January 2017, the appellant resolved the criminal matter by pleading guilty to a single count of reckless conduct.  IAF, Tab 50 at 92-98.

In July 2017, the agency proposed the appellant's removal for criminal conduct unbecoming.  IAF, Tab 5 at 135-39.  The deciding official sustained the charge and removed the appellant, effective November 13, 2017.  *Id*. at 28-30.

The appellant timely challenged his removal by filing the instant appeal.  IAF, Tab 1.  In April 2018, the agency informed the administrative judge that it had discovered an unspecified error and would soon cancel the removal action.  IAF, Tab 13 at 4-5.  However, the agency indicated that it would not be returning him to work, implying that it intended to correct the unspecified error and remove the appellant again.  IAF, Tab 13 at 4-5, Tab 14 at 4.

Over the following months, the parties worked to reach an agreement about outstanding matters, but those efforts were unsuccessful.  IAF, Tabs 18-19, 24.  The agency then filed a motion to dismiss this appeal as moot.  IAF, Tab 25 at 4.  In support of its motion, the agency indicated that it had cancelled the appellant's removal, and it provided a sworn declaration regarding back pay.  IAF, Tab 27 at 7.  The appellant opposed the motion to dismiss, arguing that he had not yet received all the back pay and benefits to which he was entitled.  IAF, Tab 28 at 2.

The administrative judge informed the parties of the Board's standards regarding mootness and status quo ante, and indicated that the record was not sufficiently developed on the matter. *Id.* at 2-4. Consequently, both parties filed additional arguments and evidence. IAF, Tabs 29-30. After reviewing the parties' submissions, the administrative judge requested more information, IAF, Tab 31, and both parties responded once more regarding mootness and status quo ante relief, IAF, Tabs 32, 35.

Without any resolution to the dispute over the appellant's return to status quo ante, the agency reversed course and filed a motion to proceed to a hearing, citing the extensive delays that it attributed to the appellant. IAF, Tab 36. The administrative judge acquiesced. IAF, Tab 37.

After further developing the record and holding the requested hearing, the administrative judge issued an initial decision that affirmed the cancelled removal action. IAF, Tab 61, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

On review, the appellant argues that the administrative judge erred by adjudicating a cancelled removal rather than his return to status quo ante. PFR File, Tab 1 at 6-7. In the alternative, the appellant presents a number of arguments about the merits of the cancelled removal action. *Id.* at 7-13. The agency filed a response. PFR File, Tab 3.

The Clerk of the Board issued an order, instructing the parties to provide additional information regarding mootness and status quo ante relief from the cancelled removal action. PFR File, Tab 4. The appellant responded, arguing that the agency still owed him overtime pay, annual leave hours, compensatory time, reimbursement for work boots, and a return to duty. PFR File, Tab 5. The agency disagreed, arguing that the appellant received all the relief to which he was entitled. PFR File, Tab 8. Notably, the agency indicated that it had continued paying the appellant until March 2020, when the agency effectuated his

removal, again, for the same conduct that formed the basis of its cancelled removal action. *Id.* at 9-10. That alleged removal is not before us in this appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred by affirming a cancelled removal action.</u>

Once again, the agency cancelled the November 2017 removal action, but the parties could not agree about whether the agency had returned the appellant to status quo ante. Rather than reaching a conclusion about the disputed matter, status quo ante relief, the administrative judge adjudicated and affirmed the cancelled removal action. By doing so, the administrative judge erred.

In *Kitt v. Department of the Navy*, 116 M.S.P.R. 680 (2011), the Board concluded that an agreement to cancel or rescind an adverse action required that the associated Standard Form 50 (SF-50) be removed from an employee's Official Personnel File (OPF). To reach this conclusion, the Board relied on a decision by the U.S. Court of Federal Appeals for the Federal Circuit, which found that to "rescind" a record of an adverse action meant to "destroy it, erasing" it from the employee's professional record. *Id.*, ¶ 7 (quoting *Conant v. Office of Personnel Management*, 255 F.3d 1371 (Fed. Cir. 2001)). The Board also relied on language from the Office of Personnel Management's (OPM) Guide for Processing Personnel Actions,[2] which instructs agencies to remove an SF-50 that documents a cancelled personnel action from an employee's OPF. *Id.*, ¶ 10 (citing Office of Personnel Management, *Guide to Processing Personnel Actions*, https://www.opm.gov/policy-data-oversight/data-analysis-documentation/ personnel-documentation/#url=Personnel-Actions (last visited Feb. 1, 2024)).

---

[2] While OPM guides and handbooks lack the force of law, the Board has held that they are entitled to deference in proportion to their power to persuade. *See Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 7 n.2 (2011) (addressing an OPM retirement handbook), *aff'd*, 493 F. App'x 105 (Fed. Cir. 2013); *Luten v. Office of Personnel Management*, 110 M.S.P.R. 667, ¶ 9 n. 3 (2009) (granting "some deference" to an OPM retirement Handbook). Here, we find that OPM's Guide is persuasive for explaining the consequences of an agency's decision to rescind or cancel a personnel action.

The Board in *Kitt* observed that to "cancel" an action meant "to bring [it] to nothingness," to "omit" or "to remove" it. *Id.*, ¶ 8 (citing Webster's Ninth New Collegiate Dictionary 200 (9th ed. 1985)).

In the chapter of OPM's guide covering cancellation and replacement actions, OPM states that "[a] cancellation rescinds an earlier action that was improper, that was proper but contains references to an improper action, or that contains remarks that are inappropriate or erroneous and that should not have been recorded." *Guide to Processing Personnel Actions*, Ch. 32.2.b. It identifies examples of situations where a cancellation is necessary, including where "[a]n appointing officer determines an action should never have occurred . . . ." *Id.* The guide further states that, "[w]hen a replacement action is required to erase the effects of a cancelled action," agencies should "record only the replacement action, making no reference to the cancelled action." *Id.* at Ch. 32.5.c. Finally, it states that the cancellation SF-50 should not be included in the OPF, and agencies should "remove from the OPF the personnel action (SF 50) being cancelled, the related SF 52, and supporting documents . . . destroy[ing] the material removed from the OPF." *Id.* at Ch. 32.5.d.

In this case, while there remains a dispute about the return to status quo ante, the agency has consistently acknowledged that it cancelled the appellant's removal. To do so, the agency returned him to a pay status, provided substantial back pay, and purged his OPF of any reference to the November 2017 removal action. *E.g.*, IAF, Tab 30 at 16, Tab 32 at 7. Based on our interpretation of the aforementioned authorities, the agency's actions brought the November 2017 removal action to nothingness, rendering it legally inoperable. Accordingly, we must vacate the administrative judge's decision to affirm the cancelled removal action.

<u>The administrative judge must further develop the record and determine whether the appellant has been returned to status quo ante.</u>

Although an action may be within the Board's jurisdiction, subsequent events may render an appeal moot and foreclose the Board's review. *Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446, ¶ 12 (2009). A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016). Mootness can arise at any stage of litigation, and an appeal will be dismissed as moot if, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant. *Rodriguez*, 112 M.S.P.R. 446, ¶ 12. However, an agency's unilateral modification of its personnel action after an appeal has been filed cannot divest the Board of jurisdiction, unless the appellant consents to such divestiture or the agency completely rescinds the action being appealed.[3] *Id.*

For a rescission to be complete, the appellant must be returned to the status quo ante and not left in a worse position as a result of the cancellation than he would have been in if the matter had been adjudicated and he had prevailed. *Id.* Accordingly, if the agency cancelled the appellant's removal and returned him to status quo ante, as it alleged, this appeal is moot and the Board is divested of

_____

[3] The Board has routinely held that if an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits. *E.g.*, *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 8 (2012). To the extent that the parties or administrative judge may have construed this precedent otherwise, we note that the Board retains jurisdiction, but adjudicates only the live issues that remain. *See, e.g.*, *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶¶ 3, 9, 44 (2017) (adjudicating a discrimination claim, but not the underlying removal, where an agency rescinded the removal after the appellant filed her appeal); *Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶¶ 6, 9-10 (2016) (finding that although an agency's removal action was rendered moot by its post-appeal rescission, associated equal employment opportunity claims by the appellant required adjudication); *Blyther v. U.S. Postal Service*, 112 M.S.P.R. 537, ¶¶ 3, 14 (2009) (adjudicating discrimination and reprisal claims that remained after the agency rescinded the reduction in grade that formed the basis for the appellant's appeal).

jurisdiction.  If, however, the agency cancelled the appellant's removal without returning him to status quo ante, as the appellant alleged, the appeal is not moot because that issue remains live.

Restoration to the status quo ante generally requires that the employee be placed back in his former position or in a position substantially equivalent in scope and status to his former position.  *Harris v. Department of the Air Force*, 96 M.S.P.R. 193, ¶ 6 (2004).  Specifically, return to the status quo ante requires return, with back pay, to a position of the same grade, pay, status, and tenure as the one occupied before the agency's action.  *Id.*  Additionally, restoration to the status quo ante requires that the agency remove all references to the adverse action from the appellant's personnel file.  *Id.*  An appellant is not, however, entitled to be placed in a better position than he would have enjoyed had the appealable action not occurred.  *Sink v. Department of Energy*, 110 M.S.P.R. 153, ¶ 19 (2008).

As previously mentioned, the parties disagreed about several issues regarding the appellant's return to status quo ante below, and the administrative judge did not reach any conclusions about the disagreement.  *Compare* IAF, Tabs 27, 30, 32 (agency's filings regarding the relief provided), *with* IAF, Tabs 29, 35 (appellant's arguments about further relief).  The appellant argued that although the agency provided some relief, it still owed him for approximately $65,000 for additional overtime pay, IAF, Tab 29 at 9, 11 hours of compensatory time, *id.* at 1, more than 100 hours of annual leave, *id*. at 20, and $107 reimbursement for work boots, IAF, Tab 35 at 3.

On review, the Clerk of the Board ordered the parties to submit additional argument and evidence regarding the appellant's return to status quo ante.  PFR File, Tab 4.  Most notably, the order explained the following:  an agency is required to provide an appellant with a full accounting of his back pay award.  *De Luca v. U.S. Postal Service*, 76 M.S.P.R. 487, 489 (1997).  Placing an appellant on administrative leave following the cancellation of an adverse action

generally does not constitute a return to the status quo ante. *Id.* at 488. An agency can decline to restore an employee to his prior position only if it has a strong overriding interest requiring reassignment to another position. *Shelton v. U.S. Postal Service*, 53 M.S.P.R. 483, 485 (1992). However, an agency's assertion that it is contemplating reinstating charges against an appellant is not such an interest. *De Luca*, 76 M.S.P.R. at 488-89.

In his response, the appellant once again presents evidence and argument regarding overtime pay, compensatory leave, annual leave, and work boots. PFR File, Tab 5 at 4-5. He also notes that the agency never returned him to duty. *Id.* at 6.

For its part, the agency presented arguments about only some of the matters raised by the appellant, and no evidence. PFR File, Tab 8. The agency's response contains no mention of the overtime or leave balances the appellant has characterized as required for his return to status quo ante. Concerning the appellant's allegations about reimbursement for work boots, the agency merely describes the demand as unreasonable.[4] PFR File, Tab 8 at 7 n.3. The agency provided no further information, such as any underlying policy regarding this alleged entitlement. Concerning the appellant's placement on administrative leave, rather than his return to duty, agency counsel asserts that he has been removed a second time, which could render that specific matter moot. *Id.* at 6 n.1, 9-10; *see Williams v. Department of the Army*, 97 M.S.P.R. 246, ¶ 8 (2004) (recognizing that an agency's placement of an appellant on administrative leave after cancelling its first removal action became moot when the agency removed him a second time because the Board could not provide any relief), *overruled on other grounds by Durr v. Department of Veterans Affairs*, 99 M.S.P.R. 283 (2005). But, as previously warned, agency counsel's statements in a pleading do

---

[4] The receipt the appellant submitted into the electronic record for his work boots is difficult to read. PFR File, Tab 5 at 36. It appears to be dated January 2017, which is after the September 2016 date on which the agency first removed him from duty but before his November 2017 removal. *E.g.*, IAF, Tab 6 at 104-07.

not constitute evidence. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995); PFR File, Tab 4 at 3.

Under these circumstances, we are unable to determine whether the appellant is entitled to additional relief because the record remains insufficiently developed, despite repeated attempts to gather relevant evidence from the agency. IAF, Tabs 28, 31; PFR File, Tab 4. We therefore remand this appeal to the administrative judge for further adjudication of the appellant's return to status quo ante. *Reed v. U.S. Postal Service*, 98 M.S.P.R. 585, ¶ 12 (2005) (remanding the appeal of an action that was cancelled as the appeal was pending for further adjudication regarding the appellant's return to status quo ante), *overruled on other grounds by Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 n.1 (2007).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.